IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH KLINE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| OF BERKS COUNTY, et al. | : | NO. 5:14-cv-6731 |

ORDER

AND NOW, this 14th day of October 2015, upon consideration of Petitioner Kenneth Kline's Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Answer to the Petition for Writ of Habeas Corpus (Doc. No. 8), Petitioner's Motion to Reinstate His Right to Appeal *Nunc Pro Tunc* (Doc. No. 12), Magistrate Judge Richard A. Lloret's Report and Recommendation (Doc. No. 14), and Petitioner's failure to file objections to the Report and Recommendation, it is hereby ORDERED as follows:

1. The Report and Recommendations is APPROVED and ADOPTED.

2. The petition for Writ of Habeas Corpus is DISMISSED with prejudice as untimely filed.

3. No certificate of appealability shall issue.

4. The Clerk of Court is directed to close this matter for statistical purposes.

I.   Background

On November 10, 2008, Petitioner Kenneth Kline was convicted following a jury trial of conspiracy to commit murder in the third degree, conspiracy to commit aggravated assault, and aggravated assault. (App. to Answer to Pet. for Writ of Habeas Corpus at A284, Doc. No. 8-5.) He was sentenced to twenty to forty years of incarceration. (App. at A285.) Kline's timely post-sentence motion was denied. (App. at A12, Doc. No. 8-2.) He then filed a notice of appeal that

was denied on October 7, 2009 for failure to file a brief.[1]  (App. at A288, Doc. No. 8-5.)

On September 6, 2010, Kline filed a petition under the Pennsylvania Post-Conviction Relief Act ("PCRA") to file a direct appeal *nunc pro tunc*; after he was appointed counsel and filed an amended petition, the trial court granted the requested relief on February 18, 2011. (App. at A15, Doc. No. 8-2; App. at A289–90, A295, Doc. No. 8-5.)  Kline filed a notice of appeal on March 9, 2011.  (App. at A15, Doc. No. 8-2; App. at A296, Doc. No. 8-5.)  On September 20, 2012, the Superior Court of Pennsylvania ruled that the charge of conspiracy to commit third-degree murder was not a cognizable offense, vacated Kline's sentence for this charge, and remanded the case for resentencing.  (App. at A16, Doc. No. 8-2; App. at A379–88, Doc. No. 8-6.)

The Commonwealth of Pennsylvania appealed the Superior Court's decision to vacate Kline's sentence and prevailed.  (App. at A16–17, Doc. No. 8-2; App. at A398, Doc. No. 8-6.) The Supreme Court of Pennsylvania thus vacated the Superior Court's decision and remanded the case for reinstatement of the sentence on the charge of conspiracy to commit third-degree murder; the trial court thereafter reinstated Kline's sentence on April 14, 2014.  (App. at 399–400, Doc. No 8-6.)

Kline filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 24, 2014.  (See Doc. No. 1.)  The District Attorney of Berks County filed an answer on March 2, 2015, arguing that the petition is time-barred and that Kline's claims are meritless. (See Mem. Support Answer 4–15, Doc. No. 8-1.)  We agree that the petition is not timely filed and therefore dismiss.

---

[1] Pennsylvania law allows thirty days to file an appeal from a final judgment.  Pa. R.A.P. 903(a).

II.   Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations beyond which a petition for habeas corpus is deemed untimely and may not be considered on the merits by a federal court. 28 U.S.C. § 2244(d); e.g., Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). The limitation period begins running on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is tolled during the pendency of a "properly filed" state petition for collateral review. Id. § 2244(d)(2). The Third Circuit has held that this statutory tolling continues until the expiration of the time to seek discretionary review from the Pennsylvania Supreme Court. Swartz, 204 F.3d at 424.

In the instant case, the federal limitation period began on the date on which the state court judgment became final, as no other date provided by statute applies. Therefore, Kline's time to file a federal habeas petition began on November 6, 2009, thirty days after the Pennsylvania Superior Court's dismissal of Kline's direct appeal on October 7, 2009. He then filed a PCRA petition on September 16, 2010, tolling the clock on his federal habeas petition 315 days into the

3

limitation period.  The PCRA proceedings concluded on April 14, 2014, when the Superior Court reinstated Kline's sentence.  The habeas limitation period began to run once more on April 14, 2014.  Kline thus had fifty days, or until June 3, 2014, to timely file a federal habeas petition.  Kline, however, filed his petition on November 24, 2014, 174 days after the statute of limitations expired.  Therefore, unless Kline qualifies for equitable tolling, his petition is time-barred.

The AEDPA statute of limitations is subject to equitable tolling.  Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).  However, "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'"  Id. (alterations in original) (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir. 1990)). A petitioner is entitled to equitable tolling only if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Kline's petition gives no indication that he attempted to pursue his rights diligently and does not present any extraordinary circumstance that prevented him from filing a timely § 2254 petition.  Equitable tolling of the limitations period is thus not warranted.

We decline to issue a certificate of appealability because Kline's habeas petition is unambiguously untimely, and reasonable jurists could not disagree regarding the disposition of this petition.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Further, because we hold that the statute of limitations with respect to Kline's habeas petition has expired and that Petitioner is not entitled to equitable tolling, we do not consider the merits of Kline's April 27, 2015 motion (Doc. No. 12).

III.     Conclusion

For the reasons stated above, the petition for writ of habeas corpus is DISMISSED as untimely filed.  The Clerk of Court is directed to close this matter for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.